UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JEREMY VICKERY, AREA WIDE ELECTRIC, | ) ) ) Civil Action No. 4:24-cv-3213-JD-TER |
| Plaintiffs, | ) ) ) |
| -vs- | ) ) REPORT AND RECOMMENDATION ) |
| NGM INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

**I.     INTRODUCTION**

Plaintiff Jeremy Vickery, who is proceeding pro se, brought this action on behalf of himself and Plaintiff Area Wide Electric (AWE) in the Court of Common Pleas for Horry County, South Carolina. Defendant NGM Insurance Company (NGM) removed the action to this court and filed the present Motion to Dismiss (ECF No. 3). Because Plaintiff Vickery is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the motion being granted and his claims dismissed. Vickery filed a Response (ECF No. 8), Defendant filed a Reply (ECF No. 9), and Vickery filed a Sur-Reply (ECF No. 10). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC. This report and recommendation is entered for review by the District Judge.

**II.     FACTUAL ALLEGATIONS**

In the complaint filed in state court, Vickery alleges that he,

> as owner of Area Wide Electric, also known (AWE), had filed a mechanic's lien on the project located at 85 Rodeo Rd. for Breach of contract, Negligence, Tort, and Non-Payment from the builder Sterling Building Group. The builder then placed a

> bond in lieu of the lien back in December 2023. AWE sent in a claim to the bonding company also know [sic] (NGM Insurance Company) that was denied payment for the amount in controversy. Jeremy Vickery is now filing lawsuit/Summons for the money owed by NGM Insurance Company. AWE requests a trial as soon as possible due to the fact this situation has forced AWE and Jeremy Vickery into a financial disaster the past 7 months. Attached is the original Statement of Account and the filed Lien and Bond with Horry County, SC. Bond # S271441.

Compl. (ECF No. 1-1).

The documents attached to the Complaint reveals that this case arises out of a construction project involving a Chick-Fil-A (CFA) restaurant at 85 Rodeo Road in Myrtle Beach. CFA was the project owner, Sterling Building Group, Inc. (Sterling) was the general contractor, and AWE was an electrical subcontractor on the project. On November 21, 2023, Vickery's company, AWE, filed a mechanic's lien supported by a verified statement signed by Vickery on behalf of AWE. At the time, AWE was represented by counsel. Vickery attested in the verified statement that AWE was owed $128,732.50 for work it performed on the Project. See Verified Statement of Account (ECF No. 1-1 pp. 4-5); Mechanic's Lien (ECF No. 1-1 pp. 6-8.) On December 13, 2023, Sterling bonded off AWE's mechanic's lien pursuant to S.C. Code Ann. § 29-5-110 with a surety bond it obtained from Defendant NGM. See Bond in Release of Mechanic's Lien (ECF No. 1-1 pp. 9-10).

Plaintiffs filed the present action in the Court of Common Pleas for Horry County on April 18, 2024, and Defendant removed to this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.[1]

### III. STANDARD OF REVIEW

Defendant moves for dismissal of this action pursuant to Federal Rules of Civil Procedure

---

[1] Plaintiffs also filed an action against CFA in the Court of Common Pleas, which was removed to this court. See Vickery and Area Wide Electric v. Chick-fil-A Inc., No. 4:24-cv-1918-JD-TER. In addition, Sterling initiated proceedings in North Carolina to compel arbitration of the dispute with AWE pursuant to the subcontract, which was granted. See Order Compelling Arbitration (ECF No. 9-1).

12(b)(5) and (6). Under Federal Rules of Civil Procedure 12(b)(4) and (5), a defendant may challenge the sufficiency of service of process. "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." Davies v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1353 (2d 1990)). A plaintiff bears the burden of establishing that service of process has been perfected in accordance with the requirements of Rule 4. Scott v. Maryland State Dep't of Labor, 673 Fed. Appx. 299, 303 (4th Cir. 2016) (citing Dickerson v. Napalitano, 604 F.3d 732, 752 (2d Cir. 2010)). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV.   DISCUSSION

Defendant argues that Vickery failed to properly serve it with the summons and complaint. Vickery filed this action in state court and, thus, whether service was proper is governed by state law. See Seabrooks v. Aiken Cnty., No. 1:15 cv 04235 JMC, 2016 WL 4394275, at *2 (D.S.C. Aug. 18, 2016) ("When service of process is attempted prior to removal of the action to the District Court, the state rules for service of process govern."). South Carolina Rule of Civil Procedure 4(d)(8) provides,

> Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, <u>by registered or certified mail, return receipt requested and delivery restricted to the addressee</u>. Service is effective upon the date of delivery as shown on the return receipt. Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant. Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person. If delivery of the process is refused or is returned undelivered, service shall be made as otherwise provided by these rules.

S.C.R.Civ.P. 4(d)(8)(emphasis added).[2] The state court documents filed with the Notice of Removal indicate that the Summons and Complaint was served by Priority Mail, and signed for by an individual named J. Eastman. See Proof of Service (ECF No. 1-1 pp. 14-15). Defendant argues that

---

[2] Paragraph (3) of this subdivision addresses service on corporations and partnerships. S.C.R.Civ.P. 4(d)(3).

the record fails to demonstrate whether the pleadings were served "by registered or certified mail, return receipt requested and delivery restricted to the addressee," as required by the Rule.  As noted above, when a defendant challenges the sufficiency of service of process, the plaintiff bears the burden of proving service was proper.  In response to Defendant's motion, Vickery states only that "[t]he summons and proof of delivery were all completed on time and correct to my knowledge. The defendants picked it up from the post office and got their reply to the courts 11 hours before their 30-day deadline." Pl. Resp. p. 1.  Vickery fails to show that service of this action was proper.  Thus, dismissal is appropriate for insufficient service.

Even if service was proper, however, dismissal of Plaintiffs claims is still proper.  First, Vickery, who is not an attorney, cannot represent AWE in this action.  While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.  "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–02 (1993); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding pro se party cannot represent the rights of others in federal court).   The rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland, 506 U.S. at 202; see also In re Under Seal, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (noting that, "[a]s a limited liability company" with only a single member, "Lavabit likely should not have been permitted to proceed pro se at all."); United States v. Hagerman, 545 F.3d 579, 581–82 (7th Cir. 2008) (holding that LLCs may not

proceed pro se and noting that "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity"); United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92 (2nd Cir. 2008) (explaining that lay persons cannot represent corporations, partnerships, or limited liability companies and noting that a layman may not represent a corporation even if he is the sole shareholder). Vickery argues that "the law states that one can represent their business in court if the cause of action is jeopardizing their personal security interests, which I feel is the case in this matter." Pl. Resp. p. 2 (ECF No. 8). However, he fails to cite to any law to support this assertion. AWE is a Limited Liability Corporation, see Secretary of State Records (ECF No. 1-2), and, therefore, without an attorney, AWE's claims against NGM cannot proceed.

Further, Defendant argues that Vickery has failed to state a claim against NGM entitling him to any relief individually. As set forth above, NGM provided Sterling with the Bond in Release of Mechanic's Lien. Vickery seeks to recover from this Bond. South Carolina Code § 29-5-110 provides,

> At any time after service and filing of the statement required under § 29-5-90 the owner or any other person having an interest in or [mechanic's] lien upon the property involved may secure the discharge of such property from such lien by filing in the office of clerk of court or register of deeds where such lien is filed his written undertaking, in an amount equal to one and one-third times the amount claimed in such statement, secured by the pledge of United States or State of South Carolina securities, by cash or by a surety bond executed by a surety company licensed to do business in this State, and upon the filing of such undertaking so secured the lien shall be discharged and the cash, securities or surety bond deposited shall take the place of the property upon which the lien existed and shall be subject to the lien. In the event of judgment for the person filing such statement in a suit brought pursuant to the provisions of this chapter, such judgment shall be paid . . . in event of the filing of a surety bond, the surety company issuing such bond shall pay such amount found due, not to exceed the amount of the bond.

S.C. Code Ann. § 29-5-110 (emphasis added).[3] The Bond secures the claim of the Mechanic's Lien claimant. The Mechanic's Lien specifically states that "Plaintiff/Lienor, Area Wide, LLC, does hereby claim a mechanic's lien of real estate to secure the payment of the indebtedness referenced herein. ..." See Mechanic's Lien. The Verified Statement in support of the Mechanic's Lien is signed by Vickery on behalf of AWE as its owner and authorized signatory. See Verified Statement of Account. Therefore, Vickery lacks standing individually to recover under the bond issued by NGM,[4] and dismissal is appropriate.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (ECF No. 3) be granted, that Plaintiff AWE's claims be dismissed without prejudice, and that Plaintiff Vickery's claims be dismissed with prejudice.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 22, 2024
Florence, South Carolina

**The parties are directed to the important information on the attached page.**

---

[3]See S.C. Code Ann. § 29-5-10(a) (defining "person" to include "any individual, corporation, partnership, proprietorship, firm, enterprise, franchise, association, organization, or other entity" ).

[4]To the extent Vickery attempts to allege a tort claim against NGM, there is no such claim against a surety under these circumstances, Masterclean, Inc. v. Star Ins. Co., 347 S.C. 405, 414, 556 S.E.2d 371, 376 (2001) (declining to recognize tort claim against surety for bad faith refusal to pay), nor does he show he would have standing to assert such a claim.