IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jeremy Vickery, Area Wide Electric, </br></br>　　　　Plaintiffs, </br></br>vs. </br></br>NGM Insurance Company, </br></br>　　　　Defendant. | Case No.: 4:24-cv-03213-JD </br></br></br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 11.) Plaintiff Jeremy Vickery ("Vickery"), who is proceeding pro se, brought this action on behalf of himself and purportedly Plaintiff Area Wide Electric ("AWE") in the Court of Common Pleas for Horry County, South Carolina.[2] Defendant NGM Insurance Company ("NGM") removed the action to this Court and moved to dismiss under Rule 12(b)(5) and (6), Fed. R. Civ. P. (DE 3.) Because Vickery is proceeding pro se, the Magistrate Judge advised him under *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] The Report correctly notes that Vickery is not an attorney, and so he cannot represent AWE. AWE is a Limited Liability Company, so AWE's claims against NGM cannot proceed without an attorney.

1

motion being granted and his claims being dismissed. (DE 5.) Vickery responded to NGM's motion (DE 8), NGM replied (DE 9), and Vickery sur-replied (DE 10).

On August 22, 2024, the Magistrate Judge issued the Report noting the following factual allegations: Vickery alleges that he,

> as owner of Area Wide Electric, also known [as] (AWE), had filed a mechanic's lien on the project located at 85 Rodeo Rd. for Breach of contract, Negligence, Tort, and Non-Payment from the builder Sterling Building Group. The builder then placed a bond in lieu of the lien back in December 2023. AWE sent in a claim to the bonding company also know [sic] (NGM Insurance Company) that was denied payment for the amount in controversy. Jeremy Vickery is now filing lawsuit/Summons for the money owed by NGM Insurance Company. AWE requests a trial as soon as possible due to the fact this situation has forced AWE and Jeremy Vickery into a financial disaster the past 7 months. Attached is the original Statement of Account and the filed Lien and Bond with Horry County, SC. Bond # S271441.

(DE 11, pp. 1-2 (citing DE 1-1).) The Report says this case arises out of a construction project involving a Chick-fil-A ("CFA") restaurant at 85 Rodeo Road in Myrtle Beach.[3] On November 21, 2023, AWE, filed a mechanic's lien.[4] The Report notes that Vickery failed to show that service of this action was proper, that Vickery cannot represent AWE, and that Vickery has failed to state a claim against NGM, entitling him to any relief individually. (DE 11.) Accordingly, the Report recommends granting NGM's

---

[3]     CFA was the project owner, Sterling Building Group, Inc. ("Sterling") was the general contractor, and AWE was an electrical subcontractor on the project.

[4]     Vickery attested that AWE was owed $128,732.50 for work it performed on the Project. (DE 1-1, pp. 4-5, 6-8.) On December 13, 2023, Sterling bonded off AWE's mechanic's lien under S.C. Code Ann. § 29-5-110 with a surety bond it obtained from Defendant NGM. (DE 1-1, pp. 9-10).

2

Motion to Dismiss (DE 3) and that Plaintiff AWE's claims be dismissed without prejudice but that Vickery's claims be dismissed with prejudice.[5] (DE 11.)

Vickery objected to the Report on September 5, 2024 (DE 13); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Vickery raises three objections: 1) Vickery's service of process was proper, 2) NGM sought arbitration after the lien was filed, but NGM has not engaged in

---

[5] The Report recommends dismissing Vickrey's claim against NGM under the bond. The Report states that "[t]he Bond secures the claim of the Mechanic's Lien claimant. The Mechanic's Lien specifically states that "Plaintiff/Lienor, Area Wide, LLC, does hereby claim a mechanic's lien of real estate to secure the payment of the indebtedness referenced herein. ..." (DE 11, p. 7.) Since the bond was issued to AWE, Vickery lacks standing to recover under the bond.

3

arbitration,[6] and 3) challenging his right to represent AWE. (DE 13, pp. 1-2.) As for the first objection, Vickery contends he has properly served NGM, as shown by proof of delivery and postal documents. (DE 13-1, pp. 2-4.) Even so, these documents fail to show whether the pleadings were served "by registered or certified mail, return receipt requested and delivery restricted to the addressee." As the Report correctly states, Vickery filed this action in state court, and thus whether service was proper is governed by state law. (DE 11, p. 4 (citing *Seabrooks v. Aiken Cnty.*, No. 1:15 cv 04235 JMC, 2016 WL 4394275, at *2 (D.S.C. Aug. 18, 2016) ("When service of process is attempted prior to removal of the action to the District Court, the state rules for service of process govern.").) South Carolina Rule of Civil Procedure 4(d)(8) provides,

> Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. . . . If delivery of the process is refused or is returned undelivered, service shall be made as otherwise provided by these rules.

Rule 4(d)(8), S.C.R. Civ. P. The document provided by Vickery shows that his pleadings were served by Priority Mail, and signed for by an individual named J. Eastman. (DE 1-1 pp. 14-15.) Since Vickery has not shown that the pleadings were served by registered or certified mail return receipt requested and delivery restricted to the addressee, his objection is overruled.

---

[6] Vickery's objection on arbitration does not affect the outcome of the deficiencies identified in the Report, so a ruling on this objection is unnecessary.

4

As for Vickery's third objection about his representation of AWE, Vickery contends he is the 100% owner and a personal guarantor of AWE's finances. While these facts may be true, Vickery is still not an attorney. The Report ably and comprehensively states,

> It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding pro se party cannot represent the rights of others in federal court). The rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202; *see also In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (noting that, "[a]s a limited liability company" with only a single member, "Lavabit likely should not have been permitted to proceed pro se at all."); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008) (holding that LLCs may not proceed pro se and noting that "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity"); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2nd Cir. 2008) (explaining that lay persons cannot represent corporations, partnerships, or limited liability companies and noting that a layman may not represent a corporation even if he is the sole shareholder).

(DE 11, pp. 5-6.) Therefore, AWE's claims against NGM cannot proceed without an attorney. The Court, thus, overrules Vickery's objection.

Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 11) and incorporates it here by reference.

It is, therefore, **ORDERED** that the Court grants NGM's Motion to Dismiss (DE 3) for insufficient service of process. The Court also dismisses Plaintiff AWE's

claims without prejudice because Vickery is not an attorney and dismisses Vickery's claims under the bond with prejudice.

**IT IS SO ORDERED**.

> Joseph Dawson, III
> United States District Judge

Florence, South Carolina
September 17, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.